**Complaint for Wrongful Termination, Discrimination, and Retaliation**

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE SOUTHERN DISTRICT OF GEORGIA*

ALBRENT YOUNG,

PLAINTIFF,

v.

HYUNDAI MOBIS,

DEFENDANT.

CIVIL ACTION

FILE NO.:



4:26-CV-15

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff, ALBRENT YOUNG, by and through counsel, brings this action against Defendant, HYUNDAI MOBIS, and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action involves claims under Title VII of the Civil Rights Act of 1964 and the Occupational Safety and Health Act.
2. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred within this judicial district.

**II. PARTIES**

3. Plaintiff, ALBRENT YOUNG, is a resident of JESUP GA, and was formerly employed by Defendant.
4. Defendant, HYUNDAI MOBIS, is a corporation organized under the laws of Georgia, with its principal place of business located at 455 Tucson Drive, Ellabell, GA 31308

**III. FACTUAL ALLEGATIONS**

5. Plaintiff was employed by Defendant in Production Supervisor at its facility located in Ellabell, GA .
6. On July 11, 2025, Plaintiff submitted a formal safety complaint to management via Microsoft Teams, reporting serious OSHA violations committed by senior personnel.
7. These violations included bypassing interlocks, operating machinery with personnel inside, and overriding Lockout/Tagout procedures.
8. No disciplinary action was taken against the individuals responsible for these violations, many of whom were Korean nationals in supervisory roles.

9. Plaintiff was terminated shortly after filing the complaint, despite the absence of any documented or acknowledged safety policy for the infraction cited.

10. Plaintiff has signed witness statements from supervisors and specialists affirming that no safety policies have been trained, documented, or acknowledged by employees.

11. Plaintiff believes the termination was discriminatory, retaliatory, and inconsistent with Defendant's treatment of similarly situated employees.

12. Plaintiff has collected photographic, video, and documentary evidence, and has filed or intends to file an OSHA complaint regarding the violations and retaliation.

## IV. CLAIMS FOR RELIEF

COUNT I – Wrongful Termination

COUNT II – Discrimination in Violation of Title VII

COUNT III – Retaliation for Whistleblowing and OSHA Reporting

## V. DAMAGES

13. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, reputational harm, emotional distress, and economic hardship.

14. Plaintiff seeks compensatory and punitive damages in the amount of $300,000, as well as attorneys' fees and any other relief the Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
A. Enter judgment in favor of Plaintiff and against Defendant;
B. Award compensatory and punitive damages in the amount of $300,000;
C. Award reasonable attorneys' fees and costs;
D. Order reinstatement or front pay;
E. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Albrent Young
13 N Eagle Dr, Jesup GA 31546
912-248-3595
Albrent.young@gmail.com

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Savannah Local Office**
7391 Hodgson Memorial Drive, Suite 200
Savannah, GA 31406
(912) 358-2810
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/15/2025

**To:** Mr. Albrent A. Young
13 North Eagle Drive
Jesup, GA 31546
Charge No: 415-2025-02037

EEOC Representative and email:    Femalelei Fowler
Investigator
femalelei.fowler@eeoc.gov

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 415-2025-02037.

On behalf of the Commission,

Digitally Signed By: Jennifer Bessick
12/15/2025
Jennifer Bessick
Director

**Cc:**

Jcoelyn Baker
Hyundai Mobis
100 Mobis Drive
Richmond Hill, GA 31324


Please retain this Notice for your records.

# OSHA Safety Violation and Retaliation Complaint

## Complainant Information

Full Name: Albrent Young

Address: 13 N Eagle Dr, Jesup GA 31546

Phone Number: 912-248-3595

Email: albrent.young@gmail.com

## Employer Information

Company Name: Hyundai MOBIS

Company Address: 455 Tucson Drive, Ellabell, GA 31308

Phone Number: 912-372-8380

## Description of Safety Violations and Retaliation

On July 11, 2025, at 1840 hours, I submitted a formal complaint via Microsoft Teams to David Tenorio (Team Relations) and Terry Dowd (Acting EHS Manager) reporting multiple serious safety violations committed by supervisory personnel, including the head of the production department. These violations included bypassing safety interlocks, operating machinery with individuals still inside, and overriding Lockout/Tagout (LOTO) procedures.

Despite the severity of these violations, no action was taken against the individuals involved. Instead, I was terminated shortly after making my report—despite the fact that my infraction was less severe and that there was no documented safety policy supporting my termination.

I believe this termination was a direct act of retaliation for my whistleblower report, and I possess time-stamped photographic and video evidence, including dates, times, and names of involved parties. I am formally requesting OSHA investigate these safety violations and the subsequent retaliatory termination.

Additionally, I urge OSHA to request all security footage from the past 90 days from the employer and ensure it is preserved for investigation, as deletion would constitute destruction of evidence.

Sincerely,
Albrent Young

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

ALBRENT YOUNG,

PLAINTIFF,

v.

HYUNDAI MOBIS,

DEFENDANT.

CIVIL ACTION

FILE NO.:

### <u>Official Notice of Intent to Pursue Legal Action</u>

ALBRENT YOUNG

13 N EAGLE DR

JESUP, GA 31546

912-248-3595

ALBRENT.YOUNG@GMAIL.COM

**July 21, 2025**

**To:**

**Human Resources Department**

HYUNDAI MOBIS

455 Tucson Drive

Ellabell, GA 31308

**Subject: Official Notice of Intent to Pursue Legal Action for Wrongful Termination, Discrimination, Retaliation, and Evidence Preservation**

**To Whom It May Concern,**

This letter serves as formal notice of my intent to pursue legal action against Hyundai MOBIS for wrongful termination, discriminatory enforcement of safety policy, retaliation, and potential concealment of evidence.

I understand the company may possess video footage of an incident it considers to be a safety violation. However, I was never trained on nor asked to sign any formal policy or document defining this act as a safety violation. There is no written standard, no training log, and no employee acknowledgement to support this claim. Therefore, any attempt to classify this as misconduct would amount to retroactive discipline based on nonexistent policies, which is both

unethical and unlawful. I must also state that the disciplinary action taken against me "termination" was issued in the absence of any documented or published company safety policy outlining such a penalty for the specific infraction I was cited for. This lack of documentation directly undermines the legitimacy of the company's action and raises significant questions about its procedural consistency and fairness.

More critically, 6 HQ personal, 2 Supervisors and 7 Team leads employees many of whom are Korean nationals in elevated positions have committed far more severe safety violations, including:
- Bypassing safety interlocks
- Operating machines with personnel inside
- Violating Lockout/Tagout procedures
- Ignoring safety policies while under direct observation

Despite the gravity of these 'violations', none of these individuals were terminated, suspended, or even formally disciplined, exposing a clear and disturbing pattern of selective enforcement and discriminatory treatment.
I have comprehensive, time-stamped evidence including:
- Photos and video footage of the violations
- Exact dates, times, locations, and the identities of those involved

This evidence is being compiled for submission to OSHA as part of a formal complaint regarding unsafe work practices and discriminatory application of safety standards.

Additionally, I am formally instructing the company to immediately preserve all security footage from the past 90 days. Any deletion, tampering, or withholding of this digital evidence will be considered evidence tampering and a deliberate cover-up and will be included in my legal filings as an obstruction of justice.

Furthermore, I submitted a formal complaint on July 11, 2025, at 1840 via Microsoft Teams to David Tenorio (Team Relations) and Terry Dowd (Acting EHS Manager), detailing the exact safety violations committed by leadership—specifically those within the head of the production department. I strongly believe my subsequent termination was not only unjustified but directly retaliatory in nature, intended to silence my whistleblower report and protect those in higher-level positions from accountability.

If the company does not initiate a full and unbiased investigation, followed by the termination of the 15 individuals responsible for these greater safety violations, I will proceed with filing a federal lawsuit seeking $300,000 in damages, including but not limited to: lost wages, emotional distress, reputational harm, and punitive damages.

You have ten (10) business days from the date of this letter to issue a formal response and take

action. Failure to do so will result in immediate escalation to both legal counsel and OSHA, without further notice.

Sincerely,
Albrent Young